NATHAN DULL *v.* COMMISSIONER OF CORRECTION
(AC 27109)

Schaller, Lavine and Peters, Js.

Argued May 30—officially released August 1, 2006

*Robert A. Serafinowicz*, with whom, on the brief, was *John R. Williams*, for the appellant (petitioner).

*Lawrence J. Tytla*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Nathan Dull, appeals from the judgment of the habeas court, denying his petition for a writ of habeas corpus in which he alleged that his trial counsel rendered ineffective assistance. We affirm the judgment of the habeas court.

The facts of the underlying criminal case are set out in *State* v. *Dull*, 59 Conn. App. 579, 757 A.2d 1194 (2000), in which this court affirmed the petitioner's conviction of murder in violation of General Statutes § 53a-54a after a trial to a panel of three judges. On appeal, the petitioner claims that the court improperly concluded that he failed to prove that his public defender, Bruce A. Sturman, had an actual conflict of interest that adversely affected his performance. He also claims that the court improperly found that Sturman exercised sound trial strategy and rendered adequate assistance in the exercise of reasonable professional judgment with respect to the testimony of a psychiatric expert witness.

"On appeal, we review a habeas court's findings of fact under the clearly erroneous standard of review . . . . [W]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . .

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . .

resulted from a breakdown in the adversary process that renders the result unreliable. . . . A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice. . . .

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as the trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 92 Conn. App. 534, 535–36, 885 A.2d 1268 (2005), cert. denied, 277 Conn. 903, 891 A.2d 2 (2006).

The petitioner bases his conflict of interest claim on the fact that Sturman previously had represented a prosecution witness. The witness, Celina Barnhill, was the victim's girlfriend and the mother of his child. Barnhill also was the administratrix of the victim's estate and had commenced a civil action against the petitioner. The court found that Sturman had represented Barnhill in the mid to late 1980s, years before the petitioner's criminal trial. The civil action was commenced in January, 1999, after the petitioner had been convicted of murder on December 14, 1998. The petitioner presented no evidence that Sturman was aware of the civil action prior to its commencement.

The petitioner also clams that Sturman rendered ineffective assistance by introducing into evidence a psychological report that was at odds with his affirmative defense of mental disease or defect. Peter M. Zeman, a forensic psychiatrist, testified at trial on behalf of the petitioner. Zeman is well respected in his field and

frequently testifies on behalf of both the state and criminal defendants. In preparing his report, in which he concluded that the petitioner suffered from a mental disease or defect at the time of the murder, Zeman asked a colleague, Frank J. Stoll, to conduct a psychological evaluation of the petitioner. Stoll did not conclude that the petitioner suffered from a mental disease or defect. Nonetheless, Zeman relied, in part, on Stoll's report in preparing his own expert report. Because the state had a copy of Zeman's report and was aware of Stoll's opinion, Sturman chose to bring out Stoll's contrary opinion during his direct examination of Zeman rather than let the state attack Zeman's credibility with the report on cross-examination. On direct examination at trial, Zeman was able to explain why Stoll had reached an opinion that was contrary to his, and why Zeman disagreed. The court found that the time-honored tactic of bringing out damaging evidence before an adversary does is not ineffective assistance of counsel.

On the basis of our review of the record, including the court's memorandum of decision and the parties' briefs, we conclude that the court properly found that the petitioner was not denied the effective assistance of counsel. The court properly concluded that that the petitioner failed to prove that Sturman had an actual conflict of interest or that an actual conflict of interest adversely affected counsel's performance. With respect to the issue concerning expert psychiatric testimony, the petitioner failed to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Strickland* v. *Washington*, supra, 466 U.S. 689.

The judgment is affirmed.