******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FRED ANDERSON *v.* COMMISSIONER
OF CORRECTION
(AC 34959)

DiPentima, C. J., and Alvord and Flynn, Js.

*Argued January 13—officially released March 11, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Kenneth Paul Fox*, assigned counsel, for the appellant (petitioner).

*Lawrence J. Tytla*, supervisory assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Fred Anderson, appeals following a grant of certification to appeal by the habeas court from the judgment of the habeas court dismissing his third amended petition for a writ of habeas corpus. On appeal, the petitioner asserts that the court improperly dismissed count three[1] of his third amended petition on the grounds that it failed to state a claim upon which relief can be granted and that it was barred by the doctrine of res judicata. We disagree and affirm the judgment of the habeas court.

The following facts and procedural history are relevant to this appeal. The petitioner was convicted, after a jury trial, of unlawful restraint in the first degree in violation of General Statutes § 53a-95, assault in the first degree with intent to disfigure another person seriously and permanently in violation of General Statutes § 53a-59 (a) (2), and interfering with an officer in violation of General Statutes § 53a-167a. He was sentenced to a total effective term of sixteen years imprisonment. The petitioner appealed from his conviction, which we affirmed in *State* v. *Anderson*, 74 Conn. App. 633, 813 A.2d 1039, cert. denied, 263 Conn. 901, 819 A.2d 837 (2003). Our Supreme Court denied certification to appeal. *State* v. *Anderson*, 263 Conn. 901, 819 A.2d 837 (2003).

After his direct appeal, the petitioner brought his first petition for a writ of habeas corpus alleging prosecutorial impropriety and ineffective assistance of both trial and appellate counsel. Following a trial, the habeas court, *Hon. Anthony V. DeMayo*, judge trial referee, (first habeas court), denied the petition on March 17, 2005. We affirmed the judgment of the first habeas court and our Supreme Court denied certification to appeal. *Anderson* v. *Commissioner of Correction*, 95 Conn. App. 901, 895 A.2d 872, cert. denied, 278 Conn. 921, 901 A.2d 43 (2006). Thereafter, the petitioner filed a second petition for a writ of habeas corpus alleging ineffective assistance of habeas, trial, and appellate counsel. Following a trial, the habeas court, *Nazarro, J.* (second habeas court), denied the petition in a written memorandum of decision on May 5, 2010. The attorney appointed to appeal the second habeas court's ruling filed an appeal with this court. The matter was withdrawn from the Appellate Court on March 7, 2011.

On February 9, 2010, the petitioner filed his third amended petition for a writ of habeas corpus, which is the subject of the present appeal, alleging prosecutorial impropriety and ineffective assistance of his trial, appellate, and first and second habeas counsel. Prior to the scheduled trial date of March 9, 2012, the respondent, the Commissioner of Correction, filed a motion to dismiss the habeas petition along with a memorandum of law in support thereof. The habeas court, *Cobb, J.* (third

habeas court), heard oral argument on the motion to dismiss and subsequently granted the respondent's motion to dismiss in a written memorandum of decision on June 5, 2012. The third habeas court also granted the petitioner's petition for certification to appeal and his application for appointment of counsel on appeal of the third amended petition. This appeal followed.

Prior to analyzing the petitioner's claims, we first set out our standard of review for a challenge to the dismissal of a petition for a writ of habeas corpus. "The conclusions reached by the [habeas] court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record. . . . To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 392, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

I

We first address the petitioner's claim that the third habeas court improperly determined that count three of his petition failed to state a claim upon which relief may be granted. In count three of his third amended petition, the petitioner asserted that he was entitled to relief based upon the "cumulative effect of all issues of prosecutorial misconduct and judicial misconducts . . . ." Now before us, the petitioner acknowledges that cumulative error claims[2] have been rejected consistently in Connecticut by both our Supreme and Appellate Courts, but asserts that the treatment of this issue by Connecticut courts "has been stubbornly misguided." He asks us on appeal "to determine whether our . . . Supreme Court has properly barred Connecticut petitioners from seeking relief based upon cumulative error." We decline that invitation, and affirm the judgment of the third habeas court.

"[I]t is axiomatic that this court, as an intermediate body, is bound by Supreme Court precedent and [is] unable to modify it . . . . [W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *Cannizzaro* v. *Marinyak*, 139 Conn. App. 722, 734, 57 A.3d 830 (2012), cert. granted on other grounds, 308 Conn. 902, 60 A.3d 286 (2013); see also *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010) ("it is manifest to our hierarchical judicial system that [the Supreme Court] has the final say on matters of Connecticut law and that the Appel-

late Court . . . [is] bound by [its] precedent"). When faced with the assertion that the claims of error, none of which individually constituted error, should be aggregated to form a separate basis for a claim of a constitutional violation of a right to a fair trial, our Supreme Court has repeatedly "decline[d] to create a new constitutional claim in which the totality of alleged constitutional error is greater than the sum of its parts." *State* v. *Tillman*, 220 Conn. 487, 505, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992); see also *State* v. *Colon*, 272 Conn. 106, 218, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005); *State* v. *Robinson*, 227 Conn. 711, 747, 631 A.2d 288 (1993). Likewise, this court consistently has rejected requests to adopt the cumulative error approach. See, e.g., *State* v. *Billie*, 123 Conn. App. 690, 706, 2 A.3d 1034 (2010); *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 795–96, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009). Thus, we affirm the third habeas court's conclusion that there is no basis in our law to consider the petitioner's claim of cumulative error because such claims have consistently been rejected by both this court and our Supreme Court.

## II

The petitioner also claims that the third habeas court "erred, as a matter of law, in holding that claim three [was] barred by the doctrine of res judicata, as the [first] habeas court . . . did not find that the petitioner's criminal trial was entirely free of prosecutorial impropriety and judicial error, and a different ground is asserted [in his third amended habeas petition] than those litigated in the prior habeas case." We are not persuaded.

"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding. . . . [A] second petition alleging the same ground as a previously denied petition will elude dismissal if it alleges grounds not actually litigated in the earlier petition and if it alleges new facts or proffers new evidence not reasonably available at the time of the earlier petition." (Citation omitted; internal quotation marks omitted.)

*Campbell* v. *Commissioner of Correction,* 121 Conn. App. 576, 579, 997 A.2d 543 (2010).

As we already have established in part I of this opinion, count three of the third amended petition fails to state a claim upon which relief can be granted. Even if we were to consider the claims of prosecutorial impropriety stated in count three, the petitioner already has made the same claims before the first habeas court.[3] Our review of the record causes us to conclude that the petitioner's claims in his third amended habeas petition are simply an attempt to recast and reformulate the same facts from his first habeas petition. Accordingly, the third habeas court properly concluded that the petitioner's claims of prosecutorial impropriety, even viewed individually instead of cumulatively, are barred by res judicata.

The judgment is affirmed.

[1] The petitioner has not appealed the third habeas court's judgment as to counts one, two, and four through seven of his third amended petition for habeas relief.

[2] Under the cumulative error approach followed by the United States Court of Appeals for the Second Circuit, "[e]ven were each and every one of the [alleged due process violations] to pass constitutional muster, their cumulative effect may violate constitutional due process." *Gaines* v. *Kelly*, 202 F.3d 598, 607 (2d Cir. 2000).

[3] Although the first habeas court did state that it was "puzzled by [an] unfortunate reference to Hannibal Lector," the court ruled that the petitioner "ha[d] not shown that these remarks in the aggregate created actual prejudice nor that the petitioner's trial was fundamentally unfair."