******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NATHAN DULL *v.* COMMISSIONER OF CORRECTION
(AC 39090)

Sheldon, Prescott and Bishop, Js.

*Syllabus*

Pursuant to statute (§ 52-470 [d]), there is a rebuttable presumption that a subsequent habeas petition has been delayed without good cause if, inter alia, such petition is filed two years or more after the date on which a final judgment has been rendered after the conclusion of appellate review on a prior habeas petition challenging the same conviction.

Pursuant further to statute (§ 52-470 [e]), in cases in which the rebuttable presumption of delay without good cause under § 52-470 (d) applies, the habeas court shall issue, upon request by the respondent, an order to show cause why the petition should be permitted to proceed and not be dismissed.

The petitioner, who had been convicted of murder, appealed to this court from the judgment of the habeas court, which dismissed his petition for a writ of habeas corpus. In dismissing the petition, which followed the petitioner's prior habeas petition challenging the same conviction, the habeas court determined, pursuant to § 52-470 (d) and (e), that the petition was untimely because it was filed more than two years after final judgment was rendered on appellate review of the habeas court's denial of his prior petition and because the petitioner failed to demonstrate, in response to the court's order to show cause, that his alleged mental health problems constituted good cause for the late filing. On appeal to this court, the petitioner claimed that he established good cause for the delay in the filing of his subsequent habeas petition. *Held* that the habeas court did not err in dismissing as untimely the petitioner's subsequent habeas petition, there having been no fault in that court's conclusion that the petitioner failed to demonstrate good cause for the late filing.

Argued April 27—officially released August 1, 2017

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Oliver, J.*, granted the respondent's motion to dismiss and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to this court; thereafter, the court, *Oliver, J.*, issued an articulation of its decision. *Affirmed.*

*Robert L. O'Brien*, assigned counsel, with whom, on the brief, was *William A. Adsit*, assigned counsel, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, was *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Nathan Dull, appeals from the habeas court's dismissal of his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (d).[1] Specifically, he argues that he established good cause for the delay in the filing of his third habeas corpus petition. We are not persuaded and, accordingly, affirm the judgment of the habeas court.

This appeal requires us to review the underpinnings of § 52-470, which concerns the summary disposal of habeas corpus petitions. In 2012, the General Assembly enacted No. 12-115 of the 2012 Public Acts (P.A. 12-115), which amended § 52-470, by adding new subsections (c) through (e), establishing procedures for the court to respond to untimely habeas filings. Included in those amendments is a provision that there shall be a rebuttable presumption that a habeas petition challenging a conviction has been delayed without good cause if the petition was filed two years or more after the date on which a final judgment has been entered on a prior petition, or after October 1, 2014, whichever date is later. The statutory amendments also provide that when a petition is filed in which the rebuttable presumption of untimeliness applies, the court, upon request of the respondent, may issue an order to show cause why the petition should be permitted to proceed and not be dismissed. General Statutes § 52-470 (e).[2]

In the matter at hand, the record reflects that the petitioner was convicted of murder in violation of General Statutes § 53a-54a in 1998 after a trial before a three judge panel. In rendering judgment of conviction, the panel rejected the petitioner's insanity defense, and the conviction was affirmed on appeal. *State* v. *Dull*, 59 Conn. App. 579, 757 A.2d 1194 (2000). Thereafter, on December 19, 2002, the petitioner filed his first habeas corpus petition attacking his conviction. That petition was denied in 2005, and the habeas court's judgment was affirmed by this court on appeal. *Dull* v. *Commissioner of Correction*, 96 Conn. App. 787, 901 A.2d 1239 (2006). Later, on March 30, 2010, the petitioner filed a second habeas corpus petition, through which he again challenged his conviction. The second petition was withdrawn by the petitioner on October 13, 2011. This third petition was then brought on June 11, 2015, after the October 1, 2012 effective date of P.A. 12-115 and several months after October 1, 2014.[3]

On the basis of the lapse of time between the judgment on the first petition and the filing of the third petition, and the fact that the third petition was filed after October 1, 2014, the respondent, the Commissioner of Correction, filed a motion, pursuant to § 52-470 (e), seeking an order that the petitioner be required to show cause why his petition should not be dismissed as untimely. Thereafter, pursuant to the court's show

cause order, a hearing was conducted at which the petitioner testified to his belief that his mental health condition prevented him from timely filing this petition, and, thus, good cause existed for the delay in its filing. After considering the evidence, the court issued its order in which it determined that the petition was untimely and that the petitioner had failed to demonstrate good cause for its late filing. Accordingly, the court dismissed the petition. This appeal followed.

While the appeal was pending and after oral argument, this court ordered the habeas court to file an articulation setting forth whether proof of the defendant's claim of mental health impairment constituted good cause for the untimely filing of this petition. In response, the court stated: "The petitioner's mental health problems were *not* so significant as to interfere with his ability to file a timely petition." (Emphasis in original.) The court explained that its reasoning was based on its assessment of the habeas evidence as well as a review of the record regarding the defendant's conviction and prior habeas petitions.

We note that the habeas court's decision to dismiss a habeas petition is a matter of law, subject to plenary review. *Anderson* v. *Commissioner of Correction*, 148 Conn. App. 641, 644, 85 A.3d 1240, cert. denied, 311 Conn. 945, 90 A.3d 976, cert. denied sub nom. *Anderson* v. *Dzurenda*, U.S. , 135 S. Ct. 201, 190 L. Ed. 2d 155 (2014). On the basis of our review of the court's thorough articulation and our review of the record, we find no fault in the court's conclusion that the petitioner has not shown good cause for his untimely filing of this habeas corpus petition. Accordingly, the court did not err in dismissing the petitioner's third petition for a writ of habeas corpus.

The judgment is affirmed.

[1] Subsection (d) of No. 12-115 of the 2012 Public Acts, codified at § 52-470 (d), provides in relevant part: "In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014 . . . . For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. . . ."

[2] Subsection (e) of P.A. 12-115, codified at § 52-470 (e), provides in relevant part: "In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The . . . petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[3] Because the petition was filed after October 1, 2014, the habeas court found that it was untimely. In accordance with the language of § 52-470 (d); see footnote 1 of this opinion; the filing and withdrawal of the second petition was not legally relevant to the court's determination.