******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN W. ROSE *v.* COMMISSIONER
OF CORRECTION
(AC 42705)

Cradle, Alexander and Harper, Js.

*Syllabus*

The petitioner, who had been convicted of felony murder, attempt to commit robbery in the first degree and robbery in the first degree, appealed to this court from the judgment of the habeas court, which dismissed his petition for a writ of habeas corpus pursuant to statute (§ 52-470). The petitioner, who was represented by counsel, filed a habeas petition in 2012, but withdrew it on the date trial was to commence in December, 2016, so that he could obtain different counsel. The petitioner did not refile the petition until February, 2018. The habeas court, at the request of the respondent, the Commissioner of Correction, thereafter issued an order to the petitioner to show cause, pursuant to § 52-470, why the petition should be permitted to proceed in light of the fact that he refiled it beyond the presumptive deadlines for doing so set forth in § 52-470 (c). After an evidentiary hearing, the court found that the petitioner's counsel had advised the petitioner in 2016 that he could withdraw the 2012 habeas petition but that he should "do it now" and that he would be assigned different counsel. The court further determined that the petitioner's counsel had advised the petitioner in 2016 to refile the habeas petition and that, after the 2016 withdrawal, he could have done so within the time frame permitted by § 52-470 but that he waited more than one year after the withdrawal to do so. The court thus concluded that the petitioner failed to show good cause for the delay in refiling the petition and dismissed it pursuant to § 52-470 (e). On the granting of certification, the petitioner appealed to this court, claiming that he had established good cause for the untimely refiling of his habeas petition because his counsel's failure to inform him of the need to refile it following the 2016 withdrawal, coupled with the court's statements at the 2016 proceeding, resulted in his mistaken belief that the 2012 habeas action remained active. *Held* that the habeas court did not abuse its discretion in dismissing the habeas petition as untimely pursuant to § 52-470 and properly determined that the petitioner failed to establish good cause for the delay in refiling the petition; the court's findings were not clearly erroneous as to the advice the petitioner's counsel had provided about the need to refile the petition and the relevant time limits as it related to refiling, and the record fully supported the court's conclusion that the petitioner failed to establish good cause pursuant to § 52-470, as he offered no reason, impediment or excuse for the delay in refiling the petition.

Argued November 9, 2020—officially released January 26, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ALEXANDER, J. The petitioner, Steven W. Rose, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely under General Statutes § 52-470 (e). On appeal, the petitioner claims that the habeas court improperly determined that he had not established good cause for the filing of his otherwise untimely petition and, therefore, erred in rendering judgment of dismissal. We disagree and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our discussion. In *State* v. *Rose*, 132 Conn. App. 563, 565–66, 33 A.3d 765 (2011), cert. denied, 303 Conn. 934, 36 A.3d 692 (2012), this court affirmed the petitioner's conviction of felony murder, attempt to commit robbery in the first degree and robbery in the first degree. The trial court imposed a total effective sentence of forty years of incarceration. Id., 567. Our Supreme Court denied the petitioner's petition for certification to appeal on February 3, 2012. *State* v. *Rose*, 303 Conn. 934, 36 A.3d 692 (2012).

On February 13, 2018, the petitioner commenced the present habeas action. Approximately six months later, the respondent, the Commissioner of Correction, requested that the habeas court order the petitioner to show cause as to why his petition should not be dismissed as untimely pursuant to § 52-470 (c) and (e).[1] Specifically, the respondent claimed that the petitioner's habeas petition was untimely because it was not filed by October 1, 2017. The court held a hearing on the respondent's request on November 16, 2018.

On January 25, 2019, the habeas court, *Newson, J.*, issued a memorandum of decision dismissing the habeas petition. The court concluded that the petition had been filed beyond the presumptive statutory deadlines and that the petitioner had failed to show good cause for the delay in refiling. The habeas court subsequently granted the petitioner's petition for certification to appeal, and this appeal followed.

On appeal, the petitioner does not dispute that his petition for a writ of habeas corpus was presumptively untimely.[2] Instead, he contends that the court improperly determined that he failed to show good cause for the delay in filing the petition. As noted in the habeas court's memorandum of decision, the petitioner filed a petition for a writ of habeas corpus in 2012 and was represented by Attorney Anthony Wallace. The petitioner withdrew that action on December 5, 2016. The withdrawal, which occurred on the date that the trial of the 2012 habeas petition was to commence, stemmed from the petitioner's desire to obtain different counsel.[3]

On appeal, the petitioner argues that Wallace advised him only that the 2016 withdrawal would lead to the

appointment of new counsel but failed to inform him of the need to refile the habeas petition. The petitioner contends in his appellate brief that he "has shown good cause in two different ways. First, the circumstances surrounding the withdrawal caused the petitioner to reasonably believe that his 2012 habeas corpus case was still ongoing and that new counsel would be appointed. Second, [Wallace] failed to inform him of the time constraints that could preclude him from pursuing a habeas corpus proceeding at the time the petitioner withdrew his petition." The petitioner also claims that Wallace provided ineffective assistance because he failed to inform the petitioner of the time constraints of § 52-470. As a result, the petitioner maintains, he established good cause, and, therefore, the court erred in dismissing the present habeas petition. We are not persuaded.

We begin with our standard of review. The petitioner contends that the plenary standard of review should be utilized in this case. The respondent disagrees and counters that the abuse of discretion standard should be used. Guided by a recent decision from this court, we conclude that the abuse of discretion standard applies in this appeal.

In *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 35, A.3d (2020), the parties disputed the appropriate appellate standard of review that applies when a challenge is made to a trial court's dismissal of a habeas petition for lack of good cause pursuant to § 52-470. This court engaged in an extensive analysis of § 52-470 and consideration of the appropriate appellate standard of review. See id., 28–31. Ultimately, it concluded that "a habeas court's determination of whether a petitioner has satisfied the good cause standard in a particular case requires a weighing of the various facts and circumstances offered to justify the delay, including an evaluation of the credibility of any witness testimony. As such, the determination invokes the discretion of the habeas court and is reversible only for an abuse of that discretion." Id., 35–36. The court also observed that any factual findings made by the habeas court are subject to the clearly erroneous standard of review. Id., 36 n.12. Accordingly, we employ the abuse of discretion standard when considering the habeas court's determination regarding good cause pursuant to § 52-470, and apply the clearly erroneous standard to any subordinate factual findings on which the court relied when exercising its discretion.

In the present case, the habeas court determined that, after the December 5, 2016 withdrawal, the petitioner could have refiled his petition within the time frame permitted under § 52-470. The court also found that Wallace had advised the petitioner in 2016 that he "could withdraw [the 2012 habeas petition] but [to] do it now and they'll assign you another lawyer." (Emphasis omitted; internal quotation marks omitted.) The court

explained further that the petitioner waited for more than one year from the date of the withdrawal to refile his habeas petition.

On appeal, the petitioner claims that Wallace failed to inform him of the need to refile his habeas petition following the December 5, 2016 withdrawal. He contends that this failure, coupled with the court's statements at the December 5, 2016 proceeding,[4] resulted in his mistaken belief that his 2012 habeas action remained active. The petitioner argues that these facts constitute "good cause" for the purpose of § 52-470. The petitioner further claims that Wallace provided ineffective assistance by failing to advise him "about the time constraints governing habeas corpus petitions." Underlying each of these arguments, however, is the petitioner's claim that the court's findings were clearly erroneous as they relate to the advice Wallace provided to the petitioner at the time of the December 5, 2016 withdrawal, namely, the need to refile the habeas petition and the relevant time limits as they related to refiling the habeas petition.

As we noted in *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 21, "[t]o the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) Id., 36 n.12; see also *Ervin* v. *Commissioner of Correction*, 195 Conn. App. 663, 672–73, 226 A.3d 708, cert. denied, 335 Conn. 905, 225 A.3d 1225 (2020). "[A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . A reviewing court ordinarily will afford deference to those credibility determinations made by the habeas court on the basis of [the] firsthand observation of [a witness'] conduct, demeanor and attitude." (Internal quotation marks omitted.) *Budziszewski* v. *Connecticut Judicial Branch*, 199 Conn. App. 518, 523, 237 A.3d 792, cert. denied, 335 Conn. 965, 240 A.3d 283 (2020); see also *Davis* v. *Commissioner of Correction*, 198 Conn. App. 345, 352, 233 A.3d 1106 (habeas judge, as trier of fact, is sole arbiter of credibility of witnesses and weight to be given to their testimony), cert. denied, 335 Conn. 948, 238 A.3d 18 (2020).

At the November 16, 2018 good cause hearing, Wallace testified, and a copy of the transcript from the December 5, 2016 proceeding was admitted into evidence. During Wallace's testimony, he stated that, prior to December 5, 2016, he advised the petitioner to refile his habeas petition. Although he did not provide the petitioner with a specific time frame, Wallace informed the petitioner to "just refile it, and they'll give you another lawyer and they can take another look at it."

On redirect examination, Wallace stated that he affirmatively advised the petitioner, near the time of the December 5, 2016 withdrawal, of the need to refile a new habeas petition to be appointed new counsel. Additionally, as reflected in the transcript admitted into evidence, Wallace represented to the court during the December 5, 2016 hearing that, in either November or December, 2016, he advised the petitioner to execute the withdrawal of the habeas action "now . . . ." On the basis of this evidence and our deferential standard of review, we cannot conclude that the habeas court's findings regarding the advice given to the petitioner regarding the need to refile his habeas petition at the time he withdrew the prior habeas action were clearly erroneous.

The remaining question, therefore, is whether the habeas court, in light of its factual findings, abused its discretion in concluding that the petitioner failed to establish good cause for the untimely refiling of the petition for a writ of habeas corpus. We previously explained that, "[f]or the purposes of . . . [§ 52-470 (e)], good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section." (Internal quotation marks omitted.) *Langston* v. *Commissioner of Correction*, 185 Conn. App. 528, 532, 197 A.3d 1034 (2018), appeal dismissed, 335 Conn. 1, 225 A.3d 282 (2020).

In *Kelsey* v. *Commissioner of Correction*, supra, 202 Conn. App. 21, we expounded on the good cause standard of § 52-470. "We conclude that to rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay. Although it is impossible to provide a comprehensive list of situations that could satisfy this good cause standard, a habeas court properly may elect to consider a number of factors in determining whether a petitioner has met his evidentiary burden of establishing good cause for filing an untimely petition. . . . [F]actors directly related to the good cause determination include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. No single factor necessarily will be dispositive, and the court should evaluate all relevant factors in light of the totality of the facts and circum-

stances presented." Id., 34–35.

Guided by these principles, and coupled with our determination that the habeas court's findings of fact were not clearly erroneous, we conclude that the petitioner has failed to demonstrate that the habeas court abused its discretion by dismissing his petition for a writ of habeas corpus as untimely pursuant to § 52-470. The habeas court concluded that the petitioner "offered no reason, impediment, or excuse . . . as to why, rather [than] contemporaneously refiling his petition, he waited for over one year after the withdrawal." This conclusion is fully supported by the record.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-470 provides in relevant part: "(c) Except as provided in subsection (d) of this section, there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. . . .

"(e) In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section. . . ."

See also *Dull* v. *Commissioner of Correction*, 175 Conn. App. 250, 252, 167 A.3d 466, cert. denied, 327 Conn. 930, 171 A.3d 453 (2017); see generally *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 715–26, 189 A.3d 578 (2018); *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 566–68, 153 A.3d 1233 (2017).

[2] In this case, the judgment of conviction was deemed a final judgment due to the conclusion of appellate review on February 3, 2012, the date our Supreme Court denied the petitioner's petition for certification to appeal from this court's judgment affirming his conviction on direct appeal. See *State* v. *Rose*, supra, 303 Conn. 934. Pursuant to § 52-470 (c), in order to be considered presumptively timely, the petitioner's habeas petition needed to be filed by October 1, 2017. See footnote 1 of this opinion.

[3] At the December 5, 2016 proceeding, Wallace argued to the court, *Oliver, J.*, that the withdrawal would be without prejudice and that new counsel would then be appointed by the Office of the Chief Public Defender.

[4] At the conclusion of the December 5, 2016 proceeding, the court stated: "[The petitioner] has that right to withdraw, and the appointment process will be in accordance with the Office of the Chief Public Defender's practices, so the court will accept the withdraw[al]."