******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# EDUARDO ORTIZ, JR. *v.* COMMISSIONER OF CORRECTION
## (AC 44047)

Elgo, Suarez and Vertefeuille, Js.

*Syllabus*

The petitioner, who had been convicted, on a plea of guilty, of the crime of murder, appealed to this court from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The habeas petition had been filed more than six years after the petitioner's guilty plea was determined to be a final judgment due to the expiration of the time period allowed for appeal and after October 1, 2017. The respondent Commissioner of Correction filed a request, pursuant to statute (§ 52-470), for an order to show cause for the petitioner's delay in filing the habeas petition. Following a hearing, the habeas court found that the petitioner, who claimed that mental health and cognitive disabilities had prevented him from timely filing his habeas petition, had failed to show good cause as required by § 52-470 for the late filing. Thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal, the petitioner having failed to demonstrate that the issues involved in his appeal were debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions raised were adequate to deserve encouragement to proceed further: the only evidence that the petitioner relied on to support his claim that his mental health conditions constituted good cause for filing an untimely habeas petition were health and educational records dated between eight and fourteen years prior to the hearing before the court, and the petitioner did not provide the court with any insight into how or whether the mental health deficiencies described in the records affected the filing of the petition, thus, the court properly concluded that the petitioner did not demonstrate whether a present condition affected his ability to file a habeas petition in a timely manner; moreover, as the petitioner filed his petition for a writ of habeas corpus as a self-represented litigant, there was no authority upon which the court was bound to infer that any deficiency documented in the health and education records caused or contributed to the untimely filing.

Argued October 5, 2021—officially released March 22, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Chaplin, J.*, granted the respondent's motion to dismiss and rendered judgment thereon; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Naomi T. Fetterman*, assigned counsel, with whom, on the brief, was *David J. Reich*, for the appellant (petitioner).

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. Following the denial of his petition for certification to appeal, the petitioner, Eduardo Ortiz, Jr., appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification to appeal and erred in its determination that he failed to demonstrate good cause for the untimely filing of his petition for a writ of habeas corpus under General Statutes § 52-470 (e). Our examination of the record and briefs and consideration of the oral arguments of the parties persuades us that the habeas court acted properly and, therefore, the appeal should be dismissed.

The following procedural history is relevant to our analysis. On May 31, 2012, before the trial court, *Damiani, J.*, the petitioner pleaded guilty to murder in violation of General Statutes § 53a-54a. On July 27, 2012, the trial court, *Prescott, J.*, sentenced the petitioner to serve thirty-eight years of incarceration. The petitioner did not bring a direct appeal. On September 4, 2018, the petitioner, for the first time, filed a petition for a writ of habeas corpus related to the conviction in which he alleged that the public defender who represented him during the criminal proceedings, Tashaun Lewis, had not rendered effective assistance in that she failed to adequately investigate matters concerning the case. The petitioner filed the petition in a self-represented capacity.

On October 9, 2019, the respondent, the Commissioner of Correction, filed a request for order to show cause for the petitioner's delay in filing the habeas petition. Specifically, the respondent argued that, pursuant to § 52-470 (c),[1] a rebuttable presumption arose that the habeas petition challenging the conviction had been delayed without good cause because it was filed more than six years after the judgment of conviction became final and after October 1, 2017. The respondent, therefore, sought an order, pursuant to § 52-470 (e),[2] to show cause why the untimely petition should be permitted to proceed.

On November 8, 2019, the habeas court, *Chaplin, J.*, held a hearing on the respondent's request. At the hearing, the petitioner, then represented by counsel, attempted to demonstrate good cause for the untimely filing. Specifically, the petitioner sought to prove that he filed the habeas petition late because of his "mental health issues and his cognitive disabilities . . . ." The petitioner relied exclusively on health and educational records that were dated between 2005 and 2011, and which were admitted as a sealed exhibit.[3] Relying on these records, the petitioner's attorney argued that it would be unfair to hold the petitioner to the statutory filing deadlines in this action.

Counsel for the respondent replied that the petitioner's health and educational records, which she had reviewed, were generated many years prior to the hearing and, more importantly, they did not specifically address the issue of whether any mental health issue affected the petitioner's ability "to comply with the rules [related to filing a habeas petition in a timely manner]." Counsel for the respondent argued that, in the absence of additional evidence, the petitioner had not demonstrated that a mental health issue led to an inability to file his petition in a timely manner.

The petitioner's counsel, acknowledging that he had not provided the court with recent assessments of the petitioner's mental condition, nonetheless argued that the records revealed deficiencies that began early in the petitioner's life, stated that he had provided the court with "the full mental health history" of the petitioner, and reasoned that "it's not like he's gotten better, if anything he's deteriorated."

On January 28, 2020, the court dismissed the habeas petition. In its memorandum of decision, the court discussed the relevant procedural history and legal principles that applied to the issue before it. The court then stated: "Based on the information before the court, the court finds that the petition was filed more than six years after the petitioner's guilty plea was deemed to be a final judgment due to the expiration of the time period allowed for appeal. Upon review of the medical and educational records . . . the court finds that the mental health and education records address the petitioner's mental health condition at various points between 2005 and 2011. The court finds the petitioner's mental health and educational records unpersuasive as to the petitioner's contention that his mental health deficiencies constitute good cause for filing an untimely [habeas] petition. The records . . . do not support the proposition that the petitioner labored under such significant mental health deficiencies that prevented him from filing the petition within the five years allowed by statute, or prior to October 1, 2017. . . . Therefore, the court finds that the petitioner has failed to show good cause for filing the current petition more than six years after the guilty plea became a final judgment, or after October 1, 2017." (Citation omitted; footnote omitted.)

On appeal, the petitioner essentially argues that the court abused its discretion in denying the petition for certification to appeal because he successfully demonstrated at the hearing that good cause existed for the late filing of the habeas petition. The petitioner argues that the evidence he presented to the court demonstrated that he suffers from lifelong mental health issues that impaired his ability to file a habeas petition in a timely manner. The petitioner argues that he "has an extremely low IQ and would be unable to organize himself in order to prepare and present a habeas peti-

tion to the court. [The petitioner] has never advanced past the second grade regarding his reading and writing [skills]. Due to the fact that he cannot read or write well, he would have difficulty getting along without help from people who can help him prepare and present a habeas petition in a timely manner." The petitioner extrapolates from the evidence that "[t]his is not a case where [he] is not keeping his eye on the time to file the petition. [The petitioner] was not able to file the habeas petition on time." The petitioner appears to argue that the court did not appropriately gauge the severity of his mental health issues and their detrimental effect on his ability to file a habeas petition in a timely manner.

The respondent argues that "[t]he petitioner cannot demonstrate an abuse of discretion [in denying the petition for certification to appeal] because the [habeas] court's finding that [the petitioner] failed to demonstrate 'good cause' under the statute was based entirely on a rejection of the petitioner's evidence, which served as the sole factual basis for his claim of good cause. Thus, the petitioner lacks any credible facts to support a claim of 'good cause' and, necessarily, he did not carry his burden of satisfying that standard." On the basis of its findings, the court dismissed the petition and subsequently denied the petition for certification to appeal.

Although they are in agreement with respect to the standard of review that applies to the court's denial of the petition for certification to appeal, the parties have presented this court with diverging legal arguments concerning the standard of review that applies to the subordinate issue of whether the court properly determined that good cause was not shown for the late petition. The respondent urges us to apply the abuse of discretion standard, and the petitioner urges us to apply the plenary standard of review.

"Our Supreme Court has made clear that an appellate court need not reach the merits of a habeas appeal following a denial of certification unless the petitioner can demonstrate that the habeas court abused its discretion in doing so. *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994). In determining whether a habeas court abused its discretion in denying certification to appeal, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In ascertaining whether the habeas court abused its discretion in a denial of certification case, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's

substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Citation omitted; internal quotation marks omitted.) *Ricardo R.* v. *Commissioner of Correction*, 185 Conn. App. 787, 794, 198 A.3d 630 (2018), cert. denied, 330 Conn. 959, 199 A.3d 560 (2019).

"[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel *caused or contributed to the delay.*" (Emphasis added.) *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 34, 244 A.3d 171 (2020), cert. granted, 336 Conn. 941, 250 A.3d 41 (2021). This court has ruled that the abuse of discretion standard of review applies to a habeas court's dismissal of a habeas petition following its determination that the petitioner failed to demonstrate good cause for its untimely filing pursuant to § 52-470. Id., 38. In *Kelsey*, this court explained: "[I]n evaluating whether a petitioner has established good cause to overcome the rebuttable presumption of unreasonable delay in filing a late petition under § 52-470, the habeas court does not make a strictly legal determination. Nor is the court simply finding facts. Rather, it is deciding, after weighing a variety of subordinate facts and legal arguments, whether a party has met a statutorily prescribed evidentiary threshold necessary to allow an untimely filed petition to proceed. This process is a classic exercise of discretionary authority, and, as such, we will overturn a habeas court's determination regarding good cause under § 52-470 only if it has abused the considerable discretion afforded to it under the statute.

"In reviewing a claim of abuse of discretion, we have stated that [d]iscretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to serve and not to impede or defeat the ends of substantial justice. . . . In general, abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors. . . . [Reversal is required only] [i]n those cases in which an abuse of discretion is manifest or where injustice appears to have been done . . . ." (Internal quotation marks omitted.) Id. The court in *Kelsey* also stated that "a habeas court's determination of whether a petitioner has satisfied the good cause standard in a particular case requires a weighing of the various facts and circumstances offered to justify the delay, including an evaluation of the credibility of any witness testimony." Id., 35–36.[4]

In the present case, the court's decision was the result

of its evaluation of the evidence and its finding that the petitioner had not presented persuasive evidence with respect to why his habeas petition was untimely. Because this factual determination is not clearly erroneous, the parties' disagreement with respect to the standard of review that applies to the habeas court's ultimate determination concerning good cause does not affect our analysis. Stated otherwise, regardless of whether we review the court's ultimate determination concerning good cause under an abuse of discretion standard of review, as our case law dictates and the respondent argues, or under the plenary standard of review, as the petitioner argues, the outcome would be the same. It is well settled that this court does not disturb the factual findings of the habeas court unless they are clearly erroneous. See, e.g., *Coward* v. *Commissioner of Correction*, 143 Conn. App. 789, 803, 70 A.3d 1152, cert. denied, 310 Conn. 905, 75 A.3d 32 (2013). Even when a determination made by the habeas court is subject to plenary review, "[t]o the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . . [A] finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 107 Conn. App. 833, 838, 947 A.2d 7, cert. denied, 288 Conn. 908, 953 A.2d 652 (2008). Thus, if the court correctly found that there was no evidence sufficiently linking the claimed mental deficiency to the late filing, the petitioner cannot prevail under either standard.

In the present case, the habeas court's decision reflects its finding that the petitioner failed to present evidence to support a finding that he labored under such a significant mental health deficiency that it prevented him from filing the petition within the time afforded by statute. The habeas court noted that the petitioner's reliance on the mental health and educational records, without more, was unavailing because the records addressed his condition at various points between 2005 and 2011, many years before the present hearing in November, 2019, and they did not shed any light on whether a present condition affected his ability to file a habeas petition in a timely manner.

Having carefully reviewed the records presented to the court, which constituted the only evidence presented in support of the issue of good cause, we conclude that the court's finding, that the petitioner failed to demonstrate that the deficiencies discussed therein were of such a nature that they contributed to the delay in the filing of his petition, was supported by the evidence. As the court aptly observed, the records

described mental deficiencies that were documented at various points between 2005 and 2011. The respondent argues that the court could have inferred that the records were essentially stale and thereby conclude that the deficiencies did not continue to affect the petitioner through the relevant time period in which he could have filed the habeas petition in a timely manner. Because the court did not expressly rely on this rationale, however, we will assume for purposes of our analysis that the mental deficiencies at issue continued to affect the petitioner during the time in which he could have timely filed a habeas petition.

The court stated that the records did not support the proposition that the petitioner labored under such significant mental health deficiencies that they prevent him from timely filing a habeas petition. It is unreasonable to infer that all mental deficiencies are so significant as to interfere with the ability to file a timely habeas petition. See, e.g., *Dull* v. *Commissioner of Correction*, 175 Conn. App. 250, 254, 167 A.3d 466 (upholding habeas court's conclusion that petitioner's claim of mental impairment did not constitute good cause for untimely filing of habeas petition), cert. denied, 327 Conn. 930, 171 A.3d 453 (2017). In the present case, the petitioner did not provide the habeas court with any insight into how or whether the mental health deficiencies described in the records affected the filing of the petition. Contrary to the petitioner's arguments, and also in light of the fact that the petitioner filed the petition for a writ of habeas corpus that is the subject of this appeal as a self-represented litigant, there is no authority upon which the court was bound to infer that any deficiency documented in the health and educational records submitted to the court caused or contributed to the untimely filing. See, e.g., *Velez* v. *Commissioner of Correction*, 203 Conn. App. 141, 153, 247 A.3d 579 (holding that habeas court did not err in concluding that petitioner's documented significant mental impairments did not necessarily contribute to delay in filing habeas petition), cert. denied, 336 Conn. 942, 250 A.3d 40 (2021). The court, therefore, did not err in its determination that the petitioner failed to satisfy his evidentiary burden of demonstrating that something outside of his control, in this case, a mental deficiency, caused or contributed to the delay in the filing of his petition. Because the court's finding was proper, we conclude that the court did not err in determining that the petitioner did not rebut the statutory presumption of unreasonable delay.

In light of the foregoing, we conclude that the petitioner has failed to demonstrate that the issues involved in this appeal are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. See *Ricardo R.* v. *Commissioner of Correction*, supra, 185 Conn. App. 794. Thus,

the petitioner has not shown that the habeas court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 52-470 (c) provides: "Except as provided in subsection (d) of this section, there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2017; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction."

[2] General Statutes § 52-470 (e) provides: "In a case in which the rebuttable presumption of delay under subsection (c) or (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection (c) or (d) of this section."

[3] Because the court has sealed the exhibit, we have reviewed it in camera and necessarily describe the documents within it only generally. See, e.g., *State* v. *Kosuda-Bigazzi*, 335 Conn. 327, 358 n.13, 250 A.3d 617 (2020).

[4] As we stated previously in this opinion, the petitioner asserts that the plenary standard of review applies to the habeas court's dismissal of the habeas petition following its determination that he failed to demonstrate good cause for his untimely filing. Notably, the petitioner argues that the respondent's reliance on *Kelsey* is unavailing because our Supreme Court has granted certification in *Kelsey* with respect to the issue of whether this court correctly determined that the abuse of discretion standard of review applied. *Kelsey* v. *Commissioner of Correction*, 336 Conn. 941, 250 A.3d 41 (2021). Insofar as the petitioner suggests that the fact that our Supreme Court has granted certification to appeal in *Kelsey* detracts from its precedential value, he is incorrect as a matter of law. As this court has observed, "there is no reason to conclude that a granting of certification by our Supreme Court necessarily signifies disapproval of the decision from which certification to appeal was granted. There is no authority to support the proposition that a grant of certification by our Supreme Court immediately invalidates or overrules this court's decision; a grant of certification stays further proceedings and subjects this court's decision to further review. In such circumstances, prior to a final determination of the cause by our Supreme Court, *a decision of this court is binding precedent on this court.*" (Emphasis added.) *State* v. *Andino*, 173 Conn. App. 851, 874–75 n.12, 162 A.3d 736, cert. denied, 327 Conn. 906, 170 A.3d 3 (2017).