******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN W. ROSE *v.* COMMISSIONER
OF CORRECTION
(SC 20558)

Robinson, C. J., and McDonald, D'Auria, Ecker and Bright, Js.

*Syllabus*

Pursuant to statute (§ 52-470 (c) and (e)), there is a rebuttable presumption
that the filing of a habeas petition has been delayed without good cause
if it was filed more than five years after the date on which the judgment
of conviction is deemed to be a final judgment, or October 1, 2017,
whichever is later, and, when this rebuttable presumption applies, the
habeas court, upon the request of the Commissioner of Correction, shall
issue an order to show cause why the untimely petition should be
permitted to proceed.

The petitioner, who had been convicted of felony murder, among other
crimes, filed a petition for a writ of habeas corpus in February, 2018,
more than five years after the date on which his judgment of conviction
was deemed to be final. The petitioner had originally filed a timely habeas
petition in 2012, but, on the date that his habeas trial was scheduled to
commence, he notified the habeas court that he did not want to proceed
because of his ongoing dissatisfaction with the representation provided
by his assigned counsel, W. The habeas court initially indicated that it
was unwilling to dismiss the petition without prejudice to refiling
because the Office of the Chief Public Defender would appoint the same
attorney to represent the petitioner. W, however, informed the habeas
court that the petitioner would be appointed a different attorney in a
future proceeding and that he previously had sent a letter to the peti-
tioner advising him that "he could withdraw [his 2012 petition] but do
it now, and they'll assign you another lawyer." The petitioner then signed
a withdrawal form, and the habeas court dismissed the 2012 petition
without prejudice to refiling. When the petitioner filed the present habeas
petition in 2018, the respondent, the Commissioner of Correction, moved
for an order to show cause why the petition should not be dismissed
as untimely pursuant to § 52-470 (c) and (e). At a hearing on the respon-
dent's motion, the petitioner's counsel argued that good cause existed
to excuse the untimely filing because, inter alia, W had failed to inform
the petitioner of the deadline to refile his petition under § 52-470 (c).
The habeas court admitted into evidence the transcript of the proceeding
at which the petitioner withdrew his 2012 petition, and both W and the
petitioner testified that W had never advised the petitioner that a new
petition needed to be refiled by a certain date. The habeas court ulti-
mately dismissed the 2018 petition as untimely, concluding that W's
failure to advise the petitioner of the filing deadline in § 52-470 (c) did
not constitute good cause because the transcript demonstrated that W
had sent a letter advising the petitioner to refile his petition "now . . . ."
On the granting of certification, the petitioner appealed to the Appellate
Court, which affirmed the habeas court's judgment, and the petitioner,
on the granting of certification, appealed to this court.

*Held* that the Appellate Court improperly affirmed the habeas court's judg-
ment, as the habeas court's determination that no good cause existed
was predicated on a clearly erroneous factual finding, and, accordingly,
this court reversed the judgment of the Appellate Court:

In its decision in *Kelsey* v. *Commissioner of Correction* (343 Conn. 424),
this court explained that a good cause determination under § 52-470
requires the habeas court to balance numerous nondispositive factors,
including whether external forces outside of the petitioner's control had
any bearing on the delay in filing the habeas petition and whether and
to what extent the petitioner or counsel bore personal responsibility for
any excuse proffered for the untimely filing, in light of the totality of
the facts and circumstances presented.

In the present case, the habeas court's determination that no good caused
existed for the delay in filing was based on that court's clearly erroneous

finding that W had advised the petitioner to refile his habeas petition "now," or immediately, when the uncontradicted evidence adduced at the good cause hearing established that W never advised the petitioner of the need to refile his habeas petition prior to the date after which the petition would no longer be deemed to be timely.

Specifically, neither party presented any evidence at the good cause hearing to support a reasonable inference that W had advised the petitioner to refile his habeas petition "now," as W and the petitioner both testified that W never informed the petitioner of any time limit or specific date by which he had to refile the petition in order for it not to be deemed untimely.

Moreover, although the transcript from the proceeding during which the petitioner withdrew his 2012 petition, and on which the habeas court relied in making its good cause determination, demonstrated that W had advised the petitioner to withdraw the 2012 petition "now," there was no indication that W also advised the petitioner to refile a new habeas petition "now," or immediately, and, given that the parties and the court at the prior proceeding were concerned with the timing of the withdrawal of the 2012 petition, and not the refiling of a subsequent habeas petition, there was no evidence that anyone at that proceeding advised the petitioner of the time constraints imposed by § 52-470 (c) or the need to refile a habeas petition within a specified period of time.

Furthermore, there was no merit to the respondent's claim that the Appellate Court's judgment could be affirmed on the alternative ground that the petitioner had failed to establish good cause as a matter of law insofar as ignorance of the time constraints imposed by § 52-470 (c) and (e), whether attributable to the petitioner or the deficient performance of habeas counsel, is insufficient to establish good cause, as this court determined that ineffective assistance of counsel in violation of the sixth amendment to the United States constitution cannot be imputed to the petitioner and, therefore, can constitute an external, objective factor under *Kelsey* that is sufficient to establish good cause to excuse a late filing.

Insofar as the habeas court made no factual findings regarding W's alleged ineffective assistance, this court declined to address that issue for the first time on appeal, and, accordingly, the case was remanded so that the habeas court could conduct a new hearing and make a good cause determination under § 52-470 (c) and (e) in light of its factual findings with respect to the performance of prior habeas counsel.

Argued September 7—officially released December 12, 2023

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Cradle, Alexander* and *Harper, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

ECKER, J. Our recent decision in *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 431–40, 274 A.3d 85 (2022), articulated the legal framework governing a habeas court's determination of whether there is good cause to excuse the untimely filing of a petition for a writ of habeas corpus under General Statutes § 52-470. This certified appeal requires us to examine the proper application of that framework to the claim of the petitioner, Steven W. Rose, that good cause excused the delayed filing of his habeas petition because his former attorney, Anthony A. Wallace, had advised him to withdraw a prior timely filed habeas petition but had failed to advise him of the need to refile a new petition within the time constraints imposed by § 52-470 (c). The habeas court rejected the petitioner's claim and dismissed his petition as untimely on the ground that Attorney Wallace had advised the petitioner to " 'withdraw *but* [*to*] *do it now*,' " and the petitioner had failed to offer a "reason, impediment, or excuse" for the delayed filing of a subsequent petition. (Emphasis in original.) The Appellate Court affirmed the judgment of the habeas court. *Rose* v. *Commissioner of Correction*, 202 Conn. App. 436, 438, 445, 245 A.3d 917 (2021).

On appeal to this court, the petitioner claims that the habeas court's dismissal was improper because (1) Attorney Wallace rendered ineffective assistance of counsel, and (2) the habeas court's good cause determination was premised on its clearly erroneous factual finding that Attorney Wallace had advised the petitioner to refile his habeas petition " '*now*,' " even though the uncontradicted evidence presented at the good cause hearing established that Attorney Wallace never advised the petitioner of the need to refile his petition with any immediacy. (Emphasis in original.) We agree with the petitioner's second claim and, therefore, reverse the judgment of the Appellate Court and direct that court to remand the case to the habeas court for further proceedings.

The following facts and procedural history are relevant to this appeal. In connection with a 2007 murder and robbery, the petitioner was convicted of felony murder and robbery in the first degree and sentenced to forty years of incarceration.[1] See *State* v. *Rose*, 132 Conn. App. 563, 565–67, 33 A.3d 765 (2011), cert. denied, 303 Conn. 934, 36 A.3d 692 (2012). The Appellate Court affirmed the petitioner's conviction; id., 566, 582; and this court denied the petitioner's petition for certification to appeal on February 3, 2012. See *State* v. *Rose*, 303 Conn. 934, 36 A.3d 692 (2012). The petitioner's conviction became final ninety days later, after the expiration of the time for filing a petition for a writ of certiorari to the United States Supreme Court. See General Statutes § 52-470 (c) (judgment is final after "the conclusion of appellate review or the expiration of the time for

seeking such review"); see also *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 56 n.2, 115 A.3d 1031 (2015) (criminal convictions become final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied" (internal quotation marks omitted)), cert. denied sub nom. *Semple* v. *Casiano*, 577 U.S. 1202, 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016).

The petitioner timely filed his first petition for a writ of habeas corpus in 2012, shortly after his conviction became final. Attorney Wallace was appointed to represent him in that proceeding. Dissatisfied with Attorney Wallace's legal representation, the petitioner filed a motion seeking Attorney Wallace's removal and the appointment of new counsel. The habeas court denied that motion. The petitioner continued to express dissatisfaction with Attorney Wallace's performance, although he filed no similar motions thereafter. One month prior to the scheduled habeas trial, in November, 2016, Attorney Wallace filed a motion to continue the trial to investigate new information, but the court denied that motion, as well.

On December 5, 2016, the date on which the trial on his first habeas petition was scheduled to commence, the petitioner informed the habeas court that he did not want to proceed to trial with Attorney Wallace as his appointed counsel. The petitioner stated that Attorney Wallace had "only spent, like, maybe a[n] hour and a half [with him] over four years" and was "not advocating for [him]." The habeas court told the petitioner that the proper procedure was to file "motion[s] to dismiss and [to] replace counsel" or to proceed as a self-represented petitioner. The habeas court further stated that it would not dismiss the case without prejudice to refiling on the eve of trial because "the Office of the Chief Public Defender [would] assign the same attorney" again. Attorney Wallace then advised the habeas court that the Office of the Chief Public Defender would not reappoint him to represent the petitioner in a future proceeding but, instead, would appoint a different attorney. Attorney Wallace also informed the court that he previously had sent the petitioner a letter advising him that "he could withdraw but do it now, and they'll assign you another lawyer." At this point in the proceedings, the petitioner was handed a withdrawal form, which he promptly signed and completed in open court with the assistance of Attorney Wallace. The habeas court concluded the proceedings by dismissing the petitioner's habeas petition without prejudice to refiling.

Approximately fourteen months later, on February 13, 2018, the petitioner filed the present petition for a writ of habeas corpus, challenging his criminal conviction. The petition raises at least one of the same claims that the petitioner raised in the 2012 petition, which he

had withdrawn without prejudice to refiling on December 5, 2016, on the advice of counsel.[2] The respondent, the Commissioner of Correction, filed a request for an order to show cause why the petitioner's habeas petition should not be dismissed as untimely under § 52-470 (c) and (e) because it was filed after October 1, 2017, and more than five years after the petitioner's conviction became final. The habeas court conducted an evidentiary hearing on the respondent's motion for an order to show cause. See General Statutes § 52-470 (e). At the hearing, it was undisputed that the petitioner's habeas petition was not timely filed and that the withdrawal of the petitioner's prior habeas action did not toll the limitation period. See General Statutes § 52-470 (d). The sole disputed issue was whether there was good cause to excuse the untimely filing under § 52-470 (c) and (e).

The petitioner's counsel argued that good cause existed because the petitioner was under the misapprehension that his prior habeas action was still pending and that new counsel would be appointed. Counsel also argued that Attorney Wallace failed to inform the petitioner of the October 1, 2017 deadline to refile his habeas petition under § 52-470 (c). To support these arguments, the petitioner's counsel adduced the testimony of Attorney Wallace, who explained the advice he gave to the petitioner regarding the withdrawal and refiling of his habeas petition. Attorney Wallace testified that, "before the [habeas] trial—whenever that was . . . I had either brought the withdrawal form with me or I sent it up to [the petitioner] ahead of time and said that you can just refile. *I didn't give him any time parameters . . . . I didn't say you have to do it by, you know, one year, two years, nine years, whatever.* I said just refile it, and they'll give you another lawyer, and they can take another look at it." (Emphasis added.)

Importantly for present purposes, the habeas court admitted into evidence as a full exhibit the transcript of the December 5, 2016 proceedings, at which the petitioner withdrew his previous petition without prejudice to refiling. It was from this transcript that the habeas court learned that, in November, 2016, Wallace had sent the petitioner a "letter saying when he could withdraw [his prior habeas petition] but do it now and they'll assign you another lawyer."[3] The petitioner testified, consistent with Attorney Wallace's testimony, that he was not informed of the date by which his habeas petition had to be refiled. Additionally, the petitioner informed the habeas court that he did not realize that he had to file a new habeas petition; he believed that his prior habeas petition was still pending and that a new attorney would be appointed to represent him.

The habeas court issued a written memorandum of decision, dismissing the petitioner's habeas petition as untimely.[4] The court concluded that Attorney Wallace's

failure to advise the petitioner of the filing deadline in § 52-470 (c) prior to the withdrawal of his first habeas petition did not constitute good cause to excuse the late filing of the present action because "Attorney Wallace indicated [that] the letter or advice he had given to the petitioner was, 'he could withdraw *but do it now* and they'll assign you another lawyer.' . . . The petitioner, however, did not refile until February 13, 2018, and has offered no reason, impediment, or excuse—no 'good cause'—as to why, rather [than] contemporaneously refiling his petition, he waited for [more than] one year after the withdrawal." (Citation omitted; emphasis in original.) The habeas court granted the petitioner's petition for certification to appeal. See General Statutes § 52-470 (g).

On appeal to the Appellate Court, the petitioner claimed that the habeas court incorrectly had determined that there was no good cause to rebut the statutory presumption of unreasonable delay. See *Rose* v. *Commissioner of Correction*, supra, 202 Conn. App. 439–40. The Appellate Court held that the habeas court's factual findings regarding Attorney Wallace's advice were not clearly erroneous and that the habeas court had not abused its discretion in determining that no good cause existed to excuse the late filing. See id., 443–45. We granted the petitioner's petition for certification to appeal to determine whether "the Appellate Court correctly determine[d] that the habeas court had correctly found that the petitioner did not establish good cause necessary to excuse the delay in filing under . . . § 52-470 (e) . . . ." *Rose* v. *Commissioner of Correction*, 336 Conn. 920, 920–21, 246 A.3d 1 (2021).[5]

The petitioner claims that the habeas court incorrectly concluded that good cause did not exist to excuse the late filing of his habeas petition for two reasons. First, the petitioner argues that Attorney Wallace rendered ineffective assistance by advising him to withdraw a timely filed habeas petition, without also informing him of the October 1, 2017 deadline to file a subsequent petition.[6] Second, the petitioner argues that the habeas court's good cause determination was predicated on its clearly erroneous factual finding that Attorney Wallace had advised the petitioner to refile his habeas petition immediately, even though the uncontradicted evidence adduced at the good cause hearing established that Attorney Wallace never advised the petitioner that he needed to refile his habeas petition within a certain period of time. We agree with the petitioner's second argument and, therefore, do not reach the merits of his first argument.

Section 52-470 (c) provides in relevant part that "there shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after the later of the following: (1) Five years after

the date on which the judgment of conviction is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2017 . . . ." Pursuant to subsection (e) of § 52-470, "the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed," and the petitioner or his counsel then "shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition."

A habeas court's determination of good cause under § 52-470 (e) is reviewed for abuse of discretion. See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 440. We have identified several factors that are relevant to the good cause determination under § 52-470 (e). These factors "include, but are not limited to: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition." (Internal quotation marks omitted.) Id., 438. "No single factor" is dispositive, and, in ascertaining whether good cause exists, the habeas court must consider "all relevant factors in light of the totality of the facts and circumstances presented." (Internal quotation marks omitted.) Id.

As the Appellate Court correctly observed, the subordinate factual findings on which a habeas court relies to arrive at its good cause determination are reviewed for clear error. See *Rose* v. *Commissioner of Correction*, supra, 202 Conn. App. 441; see also *Velez* v. *Commissioner of Correction*, 203 Conn. App. 141, 152 n.12, 247 A.3d 579, cert. denied, 336 Conn. 942, 250 A.3d 40 (2021). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Barlow* v. *Commissioner of Correction*, 343 Conn. 347, 357, 273 A.3d 680 (2022).

As a factual predicate to its conclusion that the petitioner had failed to establish good cause for his late filing, the habeas court found that Attorney Wallace had informed the petitioner to refile his habeas petition "*now*"—that is, immediately following the withdrawal of his prior petition.[7] (Emphasis in original.) This finding was clearly erroneous. At the good cause hearing, nei-

ther party presented any evidence to support a reasonable inference that Attorney Wallace had advised the petitioner to refile his habeas petition "now." Attorney Wallace testified that he told the petitioner that he would have to refile another habeas petition, but he "didn't give [the petitioner] any time parameters . . . . I didn't say you have to do it by, you know, one year, two years, nine years, whatever. I said just refile it, and they'll give you another lawyer, and they can take another look at it." Attorney Wallace also testified that he never informed the petitioner of the time limit for refiling his habeas petition under § 52-470 (c). The petitioner likewise testified that neither Attorney Wallace nor anyone else ever advised him of a certain date by which he needed to refile his habeas petition.

The habeas court, however, relied on the December 5, 2016 transcript to find that Attorney Wallace had advised the petitioner that he was required to refile his habeas petition "now." The transcript fails to support the habeas court's factual finding. The evidence relied on by the habeas court on this point is the reference made by Attorney Wallace on December 5, 2016, informing the prior habeas court that Wallace had written a letter to the petitioner "saying when he could withdraw but do it now and they'll assign you another lawyer." Although Attorney Wallace advised the petitioner to *withdraw* his prior habeas petition "now," there is no indication that Attorney Wallace also advised the petitioner to *refile* a new habeas petition "now." Indeed, the record reflects that, at the December 5, 2016 hearing, Attorney Wallace, the respondent's counsel, and the habeas court were concerned with the timing of the withdrawal of the first habeas action, not the refiling of a subsequent habeas action. As the prior habeas court observed, it was important for the petitioner to withdraw his prior habeas action "now," meaning before the start of what would have been the first day of evidence in his first habeas trial, to preserve the petitioner's right to withdraw his habeas action without prejudice to refiling. By withdrawing his prior habeas petition before the formal presentation of proof, the petitioner had a right to refile a subsequent habeas petition in which he could either represent himself or be represented by a different attorney. The focus at that point was on the timing of the withdrawal of the prior habeas action, and there was no evidence that anyone at the December 5, 2016 hearing advised the petitioner of the time constraints imposed by § 52-470 (c) or the need to refile his habeas petition within a specified period of time. Accordingly, there is no support for the habeas court's factual finding that the petitioner was informed that he must refile a subsequent habeas petition "now" or with any urgency or immediacy whatsoever. We therefore conclude that the habeas court's factual finding, on which its good cause determination was based, was clearly erroneous.

Although the evidentiary record does not support the habeas court's good cause determination, the respondent nonetheless contends that the judgment of the Appellate Court may be affirmed on the alternative ground that the petitioner failed to establish good cause as a matter of law. The respondent argues that, under our recent decision in *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 438–39, the petitioner must prove that external forces outside the control of both the petitioner and his habeas counsel caused or contributed to the delayed filing of his habeas petition. According to the respondent, knowledge of the time constraints imposed by § 52-470 (c) and (e) is within the control of the petitioner and his habeas counsel, and, therefore, ignorance of those time constraints is insufficient to establish good cause under the statutory scheme, regardless of whether that ignorance is attributable to the lack of diligence of a self-represented petitioner in pursuing his habeas claim or the deficient performance of habeas counsel. The petitioner disagrees, arguing that the "actions of counsel that are ineffective [under the sixth amendment to the United States constitution] cannot be imputed to the petitioner" and, therefore, that ineffective assistance of counsel constitutes an external, objective factor sufficient to establish good cause. We agree with the petitioner.

In *Kelsey*, although the petitioner briefly argued that his prior habeas counsel had failed to advise him of the statutory deadline to file a subsequent habeas petition; see id., 441; the focus of his claim was that his status as a self-represented party and the conditions of his confinement caused him to be unaware of the filing deadline in § 52-470 (d) and, therefore, that good cause existed to excuse his delayed filing. See id., 444–46. Consequently, we did not have an opportunity to address the extent to which the deficient performance of counsel may constitute good cause under § 52-470 (e).

To resolve that issue, we turn to the fundamental distinction between internal and external factors that cause or contribute to a petitioner's failure to comply with a procedural rule. As we previously have observed in the context of the procedural default doctrine,[8] "[a] factor is external to the defense if it cannot fairly be attributed to the [petitioner]. . . . Objective factors external to the defense include, but are not limited to, a showing that the factual or legal basis for a claim was not reasonably available to counsel, outside interference by officials that made compliance impracticable, and *ineffective assistance of counsel that violates the sixth amendment*." (Citation omitted; emphasis added; internal quotation marks omitted.) *Saunders* v. *Commissioner of Correction*, 343 Conn. 1, 20, 272 A.3d 169 (2022).

Ineffective assistance of counsel is an objective factor external to the defense because " 'the [s]ixth [a]mendment itself requires that responsibility for the default

be imputed to the [s]tate. . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate.' " Id., 22, quoting *Coleman* v. *Thompson*, 501 U.S. 722, 754, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Although a petitioner is bound by his counsel's inadvertence, ignorance, or tactical missteps, regardless of "whether counsel is flouting procedural rules or hedging against strategic risks," a petitioner is not bound by the ineffective assistance of his counsel. *Saunders* v. *Commissioner of Correction*, supra, 21–22; see *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 570, 941 A.2d 248 (2008) (under procedural default doctrine, "although ignorance or inadvertence is not cause, ineffective assistance of counsel is a legitimate ground for cause" (internal quotation marks omitted)); *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001) ("attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of [trial and] appellate procedure" (internal quotation marks omitted)); see also *Coleman* v. *Thompson*, supra, 754 (under "[well settled] principles of agency law," client is bound by "alleged attorney error," unless it rises to the level of ineffective assistance); *Murray* v. *Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) ("[i]neffective assistance of counsel . . . is cause for a procedural default" because "the [s]ixth [a]mendment itself requires that responsibility for the default be imputed to the [s]tate"). Consistent with this authority, we conclude that ineffective assistance of counsel is an objective factor external to the petitioner that may constitute good cause to excuse the late filing of a habeas petition under the totality of the circumstances pursuant to § 52-470 (c) and (e).

We recognize that the Appellate Court has held that a habeas attorney's ignorance of the law and poor advice that results in the untimely filing of a habeas petition is not an external, objective factor sufficient to establish good cause under § 52-470. See *Coney* v. *Commissioner of Correction*, 215 Conn. App. 99, 110–12, 281 A.3d 461 (2022) (counsel's ignorance of time constraints in § 52-470 (d) and (e) and advice to petitioner to withdraw timely filed habeas petition and to refile petition after expiration of time limitation were not external, objective factors sufficient to rebut statutory presumption of untimeliness); *Michael G.* v. *Commissioner of Correction*, 214 Conn. App. 358, 369–72, 280 A.3d 501 (2022) (same). We read *Coney* and *Michael G.* as standing for the unremarkable proposition that a habeas court may conclude, on the basis of the particular factual circumstances presented, that a petitioner should be bound by his counsel's inadvertence, ignorance, or other mistakes that do not rise to the level of ineffective assistance of counsel. The Appellate

Court did not address whether the ignorance and poor advice of counsel constituted deficient performance of counsel in violation of the sixth amendment and, therefore, did not hold that ineffective assistance of counsel can *never* constitute good cause under § 52-470 as a matter of law.

Having determined that ineffective assistance of counsel is an external, objective factor that may constitute good cause to excuse the delayed filing of a habeas petition under § 52-470 (c) and (e), the petitioner asks us to conclude that good cause exists in the present case because Attorney Wallace rendered ineffective assistance by advising him to withdraw a timely filed habeas petition, without also having advised him that he must refile his petition within the time constraints imposed by § 52-470 (c). The habeas court, however, made no factual findings regarding Attorney Wallace's alleged ineffective assistance, and, in the absence of such findings, we will not address the issue for the first time on appeal. See, e.g., *Small* v. *Commissioner of Correction*, 286 Conn. 707, 716, 946 A.2d 1203 ("[w]hen the record on appeal is devoid of factual findings by the habeas court as to the performance of counsel, it is improper for an appellate court to make its own factual findings"), cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). We therefore decline to address the petitioner's ineffective assistance of counsel claim and, instead, order a remand of the present case to the habeas court for a new hearing and good cause determination under § 52-470 (c) and (e).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the habeas court's judgment and to remand the case to that court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

[1] The petitioner also was convicted of attempt to commit robbery in the first degree, but that conviction was vacated after he filed a motion to correct an illegal sentence.

[2] Both petitions raised a claim of ineffective assistance of counsel in the criminal case.

[3] The petitioner did not offer the letter into evidence.

[4] The habeas court concluded that the deadline by which the petitioner's habeas petition was required to be refiled was February 3, 2017—five years after the denial of his petition for certification to appeal from the Appellate Court's judgment affirming his criminal conviction. On appeal, both parties agree that the habeas court miscalculated the deadline and that the correct deadline was October 1, 2017. See General Statutes § 52-470 (c) (1) and (2) (habeas petition must filed by "the later of the following" dates: five years following final judgment, or October 1, 2017). This error has no impact on the present appeal because the petitioner filed his subsequent habeas petition after the expiration of both the February 3 and October 1, 2017 deadlines, and, thus, the petition was untimely under both § 52-470 (c) (1) and (2).

[5] We also certified the issue of whether "the Appellate Court correctly determine[d] that abuse of discretion is the appropriate standard of review for dismissals of habeas petitions pursuant to § 52-470 (e) . . . ." *Rose* v. *Commissioner of Correction*, supra, 336 Conn. 921. Following our grant of certification, however, we issued our decision in *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 424, in which we clarified the standard of

review governing a habeas court's dismissal of an untimely filed habeas petition for failure to establish good cause under § 52-470 (e). We held in *Kelsey* that "a habeas court's determination regarding good cause under § 52-470 (e) is reviewed on appeal only for abuse of discretion." Id., 440. In the present case, the petitioner argues that *Kelsey* is distinguishable because it did not involve a claim of ineffective assistance of counsel, which is a mixed question of law and fact subject to plenary review. Alternatively, the petitioner asks us to reconsider our holding in *Kelsey*, arguing that the existence of good cause should not be subject to the discretion of the habeas court. Because we do not address the merits of the petitioner's ineffective assistance of counsel claim, we need not decide whether a different standard of review governs a good cause determination premised on such a claim. To the extent that the petitioner asks us to overrule our recent decision in *Kelsey*, we decline to do so.

[6] The respondent contends that the petitioner's ineffective assistance of counsel claim is not reviewable because it was not raised in the habeas court or decided by the Appellate Court. The petitioner responds that, although he did not explicitly cite *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in the habeas court, he effectively raised an ineffective assistance of counsel claim by arguing that his habeas counsel had misadvised him "to withdraw [his prior habeas petition] without providing advice about the consequences of withdrawing." Because we do not address the merits of the petitioner's ineffective assistance of counsel claim, we need not decide whether it was adequately preserved for appellate review. We note, however, that the petitioner may raise such a claim on remand. We express no opinion on the merits of such a claim.

[7] The respondent does not dispute that the habeas court's good cause determination was based on its factual finding that Attorney Wallace had "advise[d] the petitioner of the need to refile his petition 'now,' i.e., with some immediacy after withdrawing his prior petition."

[8] As we recognized in *Kelsey*, the procedural default doctrine, pursuant to which a petitioner is barred from raising a claim for the first time in a habeas proceeding unless there is cause and prejudice to excuse the procedural default, is "a narrow subset of what can constitute good cause under § 52-470 (e)." *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 437. Although good cause "is a broader and more fact dependent concept than is the 'cause' considered in the context of procedural default"; id.; the case law concerning procedural default is instructive because of its exclusive focus "on whether the petitioner has demonstrated that an objective factor external to the defense impeded compliance with [a] procedural rule." Id., 439.

––––––––––––––––––––––