******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

BRUCE M. FELDER *v.* COMMISSIONER
OF CORRECTION
(SC 20576)

Robinson, C. J., and McDonald, D'Auria, Mullins and Ecker, Js.

*Syllabus*

Pursuant to statute (§ 52-470 (d)), when a petitioner files a petition for a
writ of habeas corpus "subsequent to a judgment on a prior petition
challenging the same conviction, there shall be a rebuttable presumption
that the filing of the subsequent petition has been delayed without good
cause if such petition is filed after the later of . . . [t]wo years after
the date on which the judgment in the prior petition is deemed to be a
final judgment . . . [or] October 1, 2014 . . . ."

Pursuant further to statute (§ 52-470 (e)), if the petitioner fails to demon-
strate good cause for the delay, the habeas court shall dismiss the
petition.

The petitioner, who had been convicted of various larceny offenses, filed
a petition for a writ of habeas corpus after he had exhausted his direct
appeals. The habeas court denied the petition, the Appellate Court dis-
missed the petitioner's appeal, and the habeas court's judgment became
final on May 9, 2012. Approximately nine days before the judgment in
that habeas action became final, the petitioner filed a petition for a writ
of habeas corpus in federal court. The federal habeas matter became
final in June, 2015, when the federal court denied the petition and
declined to issue a certificate of appealability. On May 18, 2017, the
petitioner filed a second habeas petition in the Superior Court challeng-
ing the conviction that was the subject of his first state habeas petition.
The respondent, the Commissioner of Correction, requested that the
habeas court issue an order directing the petitioner to show good cause
why his second state habeas petition should not be dismissed pursuant
to § 52-470 (e), claiming that it was filed after the applicable deadline
in § 52-470 (d) of October 1, 2014. The habeas court issued an order to
show cause for the delay. At an evidentiary hearing on the order to
show cause, the petitioner's counsel argued that the term "prior petition"
in § 52-470 (d) was not limited to habeas petitions filed in state court
and, therefore, that the second state habeas petition was timely because
it was filed within two years of the final judgment rendered in connection
with the petitioner's federal habeas petition. Alternatively, the petition-
er's counsel argued that, even if the second state habeas petition had
been untimely, the petitioner had established good cause for the delay,
insofar as the petitioner was not aware of § 52-470 (d) or its deadlines,
and insofar as the petitioner's former counsel could not have informed
the petitioner of those deadlines because counsel had terminated their
representation of the petitioner before the enactment of § 52-470 (d).
The habeas court rendered judgment dismissing the petition, concluding
that it was untimely filed and that the petitioner had not established
good cause to excuse the delay. On the granting of certification, the
petitioner appealed to the Appellate Court, which affirmed the habeas
court's judgment, concluding that the phrase "prior petition" does not
include federal habeas petitions and that the petitioner's alleged lack
of knowledge of the deadlines prescribed by § 52-470 (d), without more,
was insufficient to establish good cause for the delay in filing his second
state habeas petition. On the granting of certification, the petitioner
appealed to this court. *Held*:

1. The Appellate Court correctly concluded that the phrase "prior petition"
in § 52-470 (d) unambiguously refers solely to prior state habeas petitions
and does not also include prior federal habeas petitions, and, accord-
ingly, the petitioner's second state habeas petition was untimely:

Although § 52-470 does not explicitly indicate that the term "prior peti-
tion" refers solely to state habeas petitions, and although the other
provisions in chapter 915 of the General Statutes do not make it explicit
that they are referring solely to state habeas applications, proceedings,

or petitions, the provision (§ 52-466 (a)) in chapter 915 that contains the requirements for where a habeas petition must be filed specifies that the application must be made to the Connecticut Superior Court, and the Superior Court has jurisdiction over only state habeas petitions.

Moreover, the entire statutory scheme in which § 52-470 is situated deals exclusively with state habeas petitions, if the legislature had intended any portion of that statute to address federal habeas petitions, it would have explicitly stated so, or the context would necessarily imply it, and, accordingly, the statute's silence as to whether a "prior petition" includes a federal petition indicates that it does not include a federal petition within its scope.

Furthermore, subsections (b) and (c) of § 52-470 dictate the procedures for, and treatment of, a "petition," and, insofar as the legislature is empowered to dictate neither the procedures for federal habeas petitions nor when a federal court must dismiss a petition, it could not credibly be maintained that these other references to "petition" encompass federal habeas petitions.

In addition, the petitioner's claim that interpreting "prior petition" as limited to state habeas petitions would lead to absurd and unworkable results because it would require a petitioner to file simultaneous state and federal habeas petitions, resulting in an unnecessary state petition should he succeed on his federal habeas petition, was unavailing, as it is not uncommon for a petitioner to pursue simultaneous federal and state habeas petitions, and this court's construction of § 52-470, which encourages petitioners to consolidate all their claims in their first state habeas petition or to bring any additional claims forward promptly once they become apparent, rather than waiting to complete litigation on a federal habeas claim, was consistent with the legislative intent of ensuring the expedient resolution of state habeas cases.

2. The habeas court properly exercised its discretion in determining that the petitioner had failed to establish good cause for the untimely filing of his second state habeas petition and properly dismissed that petition pursuant to § 52-470 (d) and (e):

The petitioner's claim that good cause existed because he was unaware of § 52-470 and its statutory deadlines when he filed the second state habeas petition was unavailing, as the petitioner's lack of knowledge of the law, standing alone, was insufficient to excuse his late filing, and the petitioner did not present any testimony or argument to establish that his lack of knowledge was beyond his control.

Moreover, the petitioner could not prevail on his claim, raised for the first time on appeal, that good cause existed because, even if he had known about § 52-470 and its deadlines, he could not have understood that the term "prior petition" in that statute encompassed only prior state habeas petitions, as this court could not conclude that the habeas court abused its discretion on the basis of evidence and arguments that were not presented to it.

Furthermore, any interpretation contrary to this court's interpretation that § 52-470 unambiguously refers solely to state habeas petitions would have been unreasonable, and, even if the statutory language was previously unclear, the petitioner could not establish that any ambiguity in the statutory language established good cause for his late filing, as the petitioner testified at the evidentiary hearing that he was unaware of the statute prior to filing his second state habeas petition, which necessarily meant that he could not establish the necessary nexus between the purportedly unclear statutory language and his failure to timely file his second state habeas petition.

Argued September 7, 2023—officially released January 23, 2024

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Alvord*,

*Cradle* and *Alexander, Js.*, which affirmed the habeas court's judgment, and the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Laila M. G. Haswell*, senior assistant public defender, for the appellant (petitioner).

*Laurie N. Feldman*, assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Helen J. McLellan*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

MULLINS, J. As part of a legislative effort to expedite the resolution of habeas cases, the General Assembly, in 2012, passed legislation to curb the filing of untimely habeas petitions. In particular, the legislature amended General Statutes § 52-470 and created a rebuttable presumption of delay without good cause, providing that Superior Court judges must dismiss habeas petitions that are not filed within certain specified time periods. See Public Acts 2012, No. 12-115, § 1. The time periods relevant to this appeal are those related to successive habeas petitions, which are codified at § 52-470 (d). That provision provides in relevant part that, "[i]n the case of a petition filed subsequent to a judgment on a *prior petition* challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of . . . [t]wo years after the date on which the judgment in the *prior petition* is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . [or] October 1, 2014 . . . ." (Emphasis added.) General Statutes § 52-470 (d). If the petitioner fails to show good cause for the delay, the habeas court shall dismiss the petition. See General Statutes § 52-470 (e).

The petitioner, Bruce M. Felder, appeals, upon our grant of certification, from the judgment of the Appellate Court affirming the judgment of the habeas court, which dismissed the petitioner's habeas petition because it was untimely filed and there was no good cause to excuse the delay. This certified appeal requires us to consider whether the Appellate Court correctly determined that (1) the phrase "prior petition," as used in § 52-470 (d), unambiguously refers to prior state habeas petitions and does not also include prior federal habeas petitions, and (2) the habeas court had not abused its discretion in dismissing the petition because the petitioner did not establish good cause to excuse the untimely filing of his habeas petition, as required by § 52-470 (e).[1] We agree with the Appellate Court's determinations and, therefore, affirm the judgment of the Appellate Court.

The following facts and procedural history are relevant to this appeal. In 2004, the petitioner was convicted of one count each of larceny in the first degree and larceny in the second degree. See *State* v. *Felder*, 95 Conn. App. 248, 250, 897 A.2d 614, cert. denied, 279 Conn. 905, 901 A.2d 1226 (2006). Following the exhaustion of his direct appeals, the petitioner filed a petition for a writ of habeas corpus in the Superior Court (first state habeas petition) challenging his conviction, which the habeas court denied. *Felder* v. *Warden*, Docket No. TSR-CV-06-4001113-S, 2011 WL 4583840, *5 (Conn. Super. September 15, 2011). The Appellate Court dismissed the

petitioner's appeal from the habeas court's judgment; see *Felder* v. *Commissioner of Correction*, 133 Conn. App. 908, 36 A.3d 308 (2012); and the judgment became final when this court denied his petition for certification to appeal on May 9, 2012. See *Felder* v. *Commissioner of Correction*, 304 Conn. 932, 43 A.3d 661 (2012). Pursuant to § 52-470 (d), the petitioner had until October 1, 2014, to file a second state habeas petition challenging the same conviction before the rebuttable presumption of untimeliness applied.

On April 30, 2012, approximately nine days before the judgment on the first state habeas petition became final, the petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Connecticut (federal habeas petition) pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction. See *Felder* v. *Commissioner of Correction*, Docket No. 3:12-cv-00650 (MPS), 2015 WL 3466724, *1 (D. Conn. June 1, 2015). On June 1, 2015, the federal habeas matter became final when the District Court denied that petition and declined to issue a certificate of appealability. Id., *1, *6.

On May 18, 2017, the petitioner filed the present petition for a writ of habeas corpus in the Superior Court (second state habeas petition), challenging the same underlying conviction from 2004. See *Felder* v. *Commissioner of Correction*, 202 Conn. App. 503, 507, 246 A.3d 63 (2021). The respondent, the Commissioner of Correction, pursuant to § 52-470,[2] requested that the habeas court issue an order directing the petitioner to show good cause for why his second state habeas petition should not be dismissed, arguing that it was filed after the statutory deadline of October 1, 2014. See id., 508.

The habeas court issued an order to show cause for the delay. Id. At the evidentiary hearing, the only evidence presented was the testimony of the petitioner. Id. The respondent's counsel did not cross-examine the petitioner or present any other evidence. Id. The petitioner testified that, prior to having counsel appointed to represent him in his second state habeas petition,[3] he had never heard of, was not informed of, and thus was not aware of § 52-470 or the time limitations it places on filing a habeas petition following a final judgment on a prior petition. See id., 509. He also testified that, in addition to his first state habeas petition, he had filed a federal habeas petition that was dismissed in 2015. See id.

After the petitioner's testimony, the parties rested, and the habeas court heard arguments from the parties' counsel. The petitioner's counsel argued that § 52-470 (d) does not expressly limit "prior petition challenging the same conviction" to *state* habeas petitions, and, therefore, the phrase includes both prior state habeas petitions and prior federal habeas petitions challenging the same conviction. See *Felder* v. *Commissioner of*

*Correction*, supra, 202 Conn. App. 509. Thus, counsel maintained, the second state habeas petition was timely because it was filed within two years of the final judgment on the petitioner's federal habeas petition in 2015.[4] See id.

Alternatively, the petitioner's counsel argued that, even if the second state habeas petition had been untimely, the petitioner had established good cause for the delay. Id. Specifically, counsel contended that the petitioner was not aware of the statute or the statutory deadlines and that the petitioner's former counsel, who represented him in connection with his first state habeas petition, could not have informed the petitioner of the deadlines because they had terminated their representation in early 2012, before the enactment of § 52-470 (d). See id.

The habeas court dismissed the second state habeas petition, concluding that the presumption of unreasonable delay applied because the petitioner's interpretation of § 52-470 was inconsistent with the plain and unambiguous language of the statute. The court also found that the petitioner had not established good cause to excuse the untimely second state habeas petition. The court rejected the petitioner's contention that his lack of knowledge constituted good cause for the delay because, the court reasoned, "ignorance of the law excuses no one . . . ." (Internal quotation marks omitted.)

The petitioner, upon the granting of certification, appealed to the Appellate Court, which affirmed the judgment of the habeas court. *Felder* v. *Commissioner of Correction*, supra, 202 Conn. App. 519. The Appellate Court concluded that the phrase "prior petition" does not include federal habeas petitions and that the petitioner's alleged lack of knowledge of the deadlines contained in § 52-470, without more, was insufficient to satisfy good cause for the delay in filing his second state habeas petition. (Internal quotation marks omitted.) Id., 514–16, 519. On appeal to this court, the petitioner claims that the Appellate Court erred in concluding that (1) a federal habeas petition is not a "prior petition" as contemplated by § 52-470 (d), and (2) the habeas court had not abused its discretion in determining that the petitioner did not establish good cause for his delay. We address each claim in turn.

I

We first address the petitioner's claim that the phrase "prior petition," as used in § 52-470 (d), is intended to include both state and federal habeas petitions. According to the petitioner, the unambiguous language of the statute supports such a reading because, if the legislature had intended to refer only to state habeas petitions, it would have more precisely stated so. The petitioner further argues that restricting the term "prior petition"

to state habeas petitions would lead to absurd and unworkable results because it would either require that petitioners file simultaneous state and federal habeas petitions, resulting in unnecessary habeas petitions, or preclude them from filing subsequent state habeas petitions, thus preventing courts from hearing meritorious claims.[5] For the reasons that follow, we disagree and conclude that "prior petition" unambiguously refers only to prior state habeas petitions.

In addressing the issue of whether the phrase "prior petition," as used in § 52-470 (d), refers solely to prior state habeas petitions or also includes federal habeas petitions, we must interpret the statute in accordance with General Statutes § 1-2z. In doing so, we exercise plenary review. See, e.g., *Kasica* v. *Columbia*, 309 Conn. 85, 93, 70 A.3d 1 (2013). "[Section] 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If . . . the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Id. "The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *Gonzalez* v. *O & G Industries, Inc.*, 322 Conn. 291, 303, 140 A.3d 950 (2016).

We thus begin with the text of the statute, which provides in relevant part: "In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of . . . [t]wo years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review . . . [or] October 1, 2014 . . . ." General Statutes § 52-470 (d).

Looking just at the words of the statute, we acknowledge that it does not explicitly state that "prior petition" refers solely to state habeas petitions. "It is well settled, however, that silence does not necessarily equate to ambiguity." (Internal quotation marks omitted.) *State* v. *Ramos*, 306 Conn. 125, 136, 49 A.3d 197 (2012). Section 1-2z directs us to examine challenged statutory language, not in isolation, but in relation to the text and statutes surrounding it. See, e.g., *Kasica* v. *Columbia*, supra, 309 Conn. 93.

The meaning of the term "prior petition" is elucidated by examining the text of § 52-470 generally, as well as the statute's placement within the General Statutes. The statute is contained within title 52, which governs civil actions brought in state court, and specifically within chapter 915, which establishes the procedural frame-

work that applies to habeas petitions in our state courts. Chapter 915 contains the requirements a petitioner must follow when filing a state habeas petition, including where it must be filed and what it must include. See, e.g., General Statutes § 52-466 (a) (2) ("[a]n application for a writ of habeas corpus claiming illegal confinement or deprivation of liberty, made by or on behalf of an inmate or prisoner confined in a correctional facility as a result of a conviction of a crime, *shall be made to the superior court, or to a judge thereof*, for the judicial district of Tolland" (emphasis added)); General Statutes § 52-466 (b) ("[t]he application shall be verified by the affidavit of the applicant for the writ alleging that he truly believes that the person on whose account the writ is sought is illegally confined or deprived of his liberty"). This chapter also mandates the procedures for Superior Court judges to follow when certifying habeas petitions. See General Statutes § 52-466 (e) ("[i]f the application is made to a judge, the judge may certify the proceedings into court"). Finally, the chapter defines the circumstances that demand the summary disposal of a habeas petition and the procedures that our courts must employ to do so. See General Statutes § 52-470.

In each section of chapter 915, the legislature does not make explicit that it is referring solely to state habeas applications, proceedings, or petitions. Because state legislatures regulate state processes, we presume, particularly within a statutory scheme that governs how courts of this state handle habeas procedures, that, when the legislature refers to certain procedures, it is speaking about *state* procedures. Indeed, when the legislature intends to reference a federal procedure, it does so explicitly, or the context would necessarily imply it. See, e.g., General Statutes § 3-10b (a) ("[t]he Governor is authorized to request the head of any *federal* department administering a grant-in-aid program under any *federal* law" (emphasis added)); General Statutes § 17b-3 (b) ("[t]he commissioner may enter into contracts with the *federal* government concerning the use and repayment of such funds under any such *federal* act" (emphasis added)); General Statutes § 17b-105f (a) ("[t]he program shall provide for the receipt of *federal* matching funds . . . for employment and training activities that qualify for such matching funds under *federal* law and regulations" (emphasis added)). Thus, the statutory reference to "application," "proceedings," or "petition" is a reference to a state habeas application, state habeas proceedings, or a state habeas petition.

This is underscored by the language of § 52-466, which specifies that the application must be made to the Connecticut *Superior* Court. See General Statutes § 52-466 (a). Superior courts have jurisdiction over only *state* habeas petitions, whereas federal courts have jurisdiction over *federal* habeas petitions involving state judgments. See 28 U.S.C. 2254 (a) (2018) ("[t]he Supreme Court, a Justice thereof, a circuit judge, or a district

court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Additionally, in the provisions of chapter 915, the legislature provides the process by which judges of the Superior Court must handle habeas petitions filed in our state courts. The entire statutory scheme in which § 52-470 is placed deals exclusively with state habeas petitions. If the legislature had intended any portion of that statute to address federal habeas petitions, it would have specifically stated so, or the context would necessarily imply it. As the Appellate Court pointed out, "the statute's silence as to whether a 'prior petition' includes a federal petition therefore indicates that it does not [include a federal petition within its scope]." *Felder* v. *Commissioner of Correction*, supra, 202 Conn. App. 515.

In addition to its relationship with the general statutory scheme, it is also helpful to look to other subsections of § 52-470. It is a fundamental principle of our jurisprudence that "[a]n identical term used in [statutory provisions] pertaining to the same subject matter should not be read to have differing meanings unless there is some indication from the legislature that it intended such a result." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 78, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004). We, thus, turn to other references to "petition" within § 52-470.

Section 52-470 contains several other references to "petition," each time indisputably referencing only state habeas petitions. See, e.g., General Statutes § 52-470 (b) (1) ("[a]fter the close of all pleadings in a habeas corpus proceeding, the court . . . shall determine whether there is good cause for . . . the petition"); General Statutes § 52-470 (b) (3) (identifying what "petition" must contain to establish good cause and further providing that, "[i]f, after considering any evidence or argument . . . the court finds there is not good cause for trial, the court shall dismiss all or part of the petition"); General Statutes § 52-470 (c) (governing when "a petition challenging a judgment of conviction" is filed outside statutory time limitations). In each of these examples, the legislature has dictated the procedures for, and the treatment of, a "petition" filed and adjudicated in the Superior Court. Because the legislature is empowered to dictate neither the procedures for federal habeas petitions nor when a federal court must dismiss a petition, it cannot be credibly maintained that these other references to "petition" encompass federal habeas petitions. Reading the statute within the context of chapter 915 of the General Statutes and giving identical meaning to identical terms, we thus understand "prior petition" in § 52-470 (d) to unambiguously refer only to state habeas petitions.

The petitioner asserts that interpreting "prior petition" as limited to state habeas petitions would lead to absurd and unworkable results because it would require a petitioner to file simultaneous state and federal habeas petitions, resulting in an unnecessary state petition should he succeed on his federal habeas petition. The petitioner further contends that waiting for the resolution of the federal habeas petition to file a subsequent state habeas petition would present timeliness issues because federal courts typically take more than two years to render a final judgment on a federal habeas petition. This, the petitioner argues, would contravene the legislative purpose to expedite the resolution of habeas cases in the state. We disagree.

We have recently recognized that, when amending § 52-470 in 2012 to include the rebuttable presumption of delay without good cause, the legislature intended to ensure the expedient resolution of state habeas cases. See *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 717, 189 A.3d 578 (2018) ("[t]he 2012 amendments are significant . . . because they provide tools to effectuate the original purpose of ensuring expedient resolution of habeas cases"). Our construction of the statute is consistent with this legislative intent, as it encourages petitioners to consolidate all their claims in their first state habeas petition or to bring any additional claims forward promptly once they become apparent, rather than waiting to complete litigation on a federal habeas claim.

The fact that our interpretation of the statute may require a petitioner to file simultaneous state and federal habeas petitions in order to preserve the opportunity to pursue a subsequent state habeas petition does not impair the legislative purpose of promoting the expedient resolution of state habeas claims. It is not uncommon for a petitioner to pursue simultaneous federal and state habeas petitions, and doing so does not impede the progression of the state habeas action. See, e.g., *Abrams* v. *Commissioner of Correction*, Docket No. 3:17cv1732 (MPS), 2019 WL 919581, *6 (D. Conn. February 25, 2019) (petitioner filed federal habeas petition while state habeas action was pending); *Ham* v. *Brighthaupt*, Docket No. 3:11cv1705 (JBA), 2012 WL 5880668, *2 (D. Conn. November 21, 2012) (same). Our reading of the statute simply requires petitioners to pursue their state claims without unreasonable delay, which the legislature has deemed to be two years from the final judgment on a prior state habeas petition. See General Statutes § 52-470 (d).

We also reject the petitioner's contention that this construction, which precludes consideration of federal habeas petitions, will mean that any subsequent state habeas petition would likely be time barred if it is filed after the resolution of a petitioner's federal habeas petition because the adjudication of a federal habeas peti-

tion usually takes more than two years. Importantly, the statute itself does not categorically preclude subsequent petitions filed beyond the two year mark; it simply establishes a rebuttable presumption of delay. It is clear to us that, as a result of a comprehensive habeas reform initiative to expedite the resolution of state habeas petitions, our legislature limited the inquiry regarding delay to the time period between final judgment on a prior state habeas petition and the filing of a subsequent state habeas petition. We find nothing absurd or unworkable in its considered decision to do so.

## II

Having concluded that the term "prior petition" in § 52-470 (d) unambiguously refers only to prior state habeas petitions, we now turn to the petitioner's alternative ground for reversal. Because the petitioner's first state habeas petition reached final judgment on May 9, 2012, he could have filed his second state habeas petition on or before October 1, 2014, without having to show good cause for any delay. See General Statutes § 52-470 (d). The petitioner, however, did not file his second state habeas petition until nearly three years after that deadline. Nevertheless, the petitioner contends that, even if this court finds that his petition was untimely, the habeas court erred in concluding that he failed to establish good cause necessary to excuse his delay. He argues that good cause exists because he was unaware of § 52-470 and its statutory deadlines when he filed the second state habeas petition. In addition, the petitioner contends, for the first time on appeal, that, even if he had known about the statute, he could not have known that the statute may be interpreted to require that he file a state habeas petition before the completion of his federal habeas petition. We conclude that the habeas court properly exercised its discretion in determining that the petitioner failed to establish good cause for the untimely filing of his second state habeas petition.

As we have recently concluded, "a habeas court's determination regarding good cause under § 52-470 (e) is reviewed on appeal only for abuse of discretion. Thus, [w]e will make every reasonable presumption in favor of upholding the [habeas] court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did." (Internal quotation marks omitted.) *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 440, 274 A.3d 85 (2022).

In making a good cause determination, courts must consider the totality of the circumstances in light of several factors, none of which alone is dispositive, including "(1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or his counsel bears any personal responsibility for any excuse prof-

fered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition." (Internal quotation marks omitted.) Id., 438. "[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel caused or contributed to the delay." (Internal quotation marks omitted.) Id., 441–42.

Before the habeas court, the petitioner's only asserted basis to establish good cause for his delay in filing the second state habeas petition was that he was unaware of the existence of § 52-470. Although a petitioner's lack of knowledge of § 52-470 is "potentially sufficient to establish good cause for an untimely filing, the legislature did not intend for a petitioner's lack of knowledge of the law, standing alone, to establish that a petitioner has met his evidentiary burden of establishing good cause. As with any excuse for a delay in filing, the ultimate determination is subject to the same factors previously discussed . . . [such as] whether external forces outside the control of the petitioner had any bearing on his lack of knowledge . . . ." (Footnote omitted.) Id., 444–45.

Accordingly, we turn to the habeas court's determination and the extent to which it considered factors beyond the petitioner's control. The court acknowledged the petitioner's testimony and noted that, although the petitioner was unaware of the existence of § 52-470, he "failed to present any 'good cause' in the present case for filing this petition nearly three years beyond the . . . deadline." The petitioner did not present any testimony or argument to establish that his lack of knowledge was beyond his control. He made no claim, for example, that his ignorance of the statutory deadline was the result of ineffective assistance of counsel. See *Rose* v. *Commissioner of Correction*, 348 Conn. 333, 349, 304 A.3d 431 (2023) ("ineffective assistance of counsel is an external, objective factor that may constitute good cause to excuse the delayed filing of a habeas petition"). Thus, considering the testimony in the record, we conclude that the habeas court did not abuse its discretion in finding that good cause was not established.

For the first time on appeal, the petitioner contends that good cause exists because a lay reading of the statute suggests that both state and federal habeas petitions delay the statutory time limitations, and, therefore, even if he had read or been familiar with the statute, he could not have understood that the term "prior petition" in § 52-470 (d) meant only prior state habeas petitions. The petitioner neither testified to this

nor did he present this argument before the habeas court. Thus, we cannot conclude that the habeas court abused its discretion on the basis of evidence and arguments that were not presented to it.

In any event, in part I of this opinion, we concluded that the statute unambiguously refers solely to state petitions, and, therefore, any contrary interpretation by the petitioner would have been unreasonable. Moreover, even if the statutory language was unclear prior to our decision today, the petitioner's argument fails because he testified at the evidentiary hearing that he was unaware of the statute prior to filing his second state habeas petition, which necessarily means that he cannot establish a nexus between the purportedly unclear statutory language and his failure to timely file. Without such a showing, he cannot establish that any ambiguity in the statutory language was good cause for his late filing. See, e.g., *Ortiz* v. *Commissioner of Correction*, 211 Conn. App. 378, 388–89, 272 A.3d 692 (when petitioner presented evidence of mental health deficiencies without showing how deficiencies affected filing, habeas court was not required to infer connection and find good cause for delay), cert. denied, 343 Conn. 927, 281 A.3d 1186 (2022); *Velez* v. *Commissioner of Correction*, 203 Conn. App. 141, 148–49, 153–54, 247 A.3d 579 (habeas court did not abuse its discretion in determining that petitioner had failed to establish good cause for delay in filing his successive habeas petition when petitioner established only that he had " 'significant' " mental deficiencies but failed to establish causal connection between those deficiencies and his failure to timely file), cert. denied, 336 Conn. 942, 250 A.3d 40 (2021).

Although the petitioner argued before the habeas court that his second state habeas petition was not untimely because it was filed within two years of the final judgment rendered in connection with his federal habeas petition, he never argued that an ambiguity in the statute caused him to file his petition in an untimely manner. Rather, before the habeas court, the petitioner testified that he had not been informed of, and was unaware of, § 52-470 and its time limitations. Having testified that he never read the statute, the petitioner did not and could not establish that any ambiguity in the statute caused him to file his petition in an untimely manner. He presented the habeas court only with his lack of knowledge of the statutory time limitations. That, standing alone, we have already determined, is insufficient to establish good cause. See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 444.

Therefore, we agree with the Appellate Court that the habeas court did not abuse its discretion in determining that the petitioner had failed to demonstrate good cause for the delay in filing the second state habeas petition and that the habeas court properly dismissed the peti-

tion in accordance with § 52-470 (d) and (e).

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] We granted certification, limited to the following issues: "Did the Appellate Court correctly determine that the meaning of 'a prior petition challenging the same conviction' in . . . § 52-470 (d) plainly and unambiguously refers only to prior state habeas petitions?" And "[d]id the Appellate Court correctly determine that the habeas court did not abuse its discretion in rejecting the petitioner's claim that his ignorance of the statutory deadlines was good cause necessary to overcome the rebuttable presumption of unreasonable delay as set forth in § 52-470 (d) and (e)?" (Emphasis omitted.) *Felder* v. *Commissioner of Correction*, 336 Conn. 924, 924–25, 246 A.3d 985 (2021).

We also granted certification on a third issue: "Did the Appellate Court correctly apply the 'abuse of discretion' standard of review to the habeas court's determination that the petitioner had failed to show good cause for delay pursuant to § 52-470 (d) and (e) in filing his habeas petition?" Id., 925. After we granted certification but before the parties filed their briefs in this case, this court decided *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 274 A.3d 85 (2022), which concluded that such determinations are properly reviewed on appeal for abuse of discretion. See id., 432, 440. Both parties concede, and we agree, that *Kelsey* resolves this issue.

[2] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2014 . . . . For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. . . .

"(e) In a case in which the rebuttable presumption of delay under subsection . . . (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner . . . shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If . . . the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[3] After the petitioner filed his second state habeas petition as a self-represented party, the habeas court "granted the petitioner's request that counsel be appointed for him." *Felder* v. *Commissioner of Correction*, supra, 202 Conn. App. 509 n.7.

[4] If, as habeas counsel argued, and the petitioner contends on appeal, "prior petition," as used in § 52-470 (d), includes federal habeas petitions, the petitioner would have had until June 1, 2017, two years after the final disposition of his federal habeas petition, to file his second state habeas petition without having to show good cause for any delay.

[5] The petitioner contends that, because federal habeas petitions usually take more than two years to resolve, most petitioners would be time barred from filing a state habeas petition after the completion of their federal habeas action.